LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MANUEL CARCHI,
on behalf of himself and
FLSA Collective Plaintiffs,

        Plaintiff,

v.

PAPPARDELLA REST. CORP., and
SIDDARTH GUPTA,

        Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, MANUEL CARCHI (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, PAPPARDELLA REST. CORP., and SIDDARTH GUPTA (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SIDDARTH GUPTA, is a resident of Queens County, New York.

6. Upon information and belief, Defendant, PAPPARDELLA REST. CORP., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 316 COLUMBUS AVENUE, NEW YORK, NEW YORK 10023.

7. Upon information and belief, Defendant, SIDDARTH GUPTA, is the Chairman or Chief Executive Officer of Defendant, PAPPARDELLA REST. CORP. SIDDARTH GUPTA exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised

2

his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiff was hired, and his employment was terminated, directly by SIDDARTH GUPTA.

8. At all relevant times, PAPPARDELLA REST. CORP., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including but not limited to severs, waiters, busboys, dishwashers, cooks, food preparers, and cashiers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

3

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

14. On or about January 2008, Plaintiff, MANUEL CARCHI, was hired by Defendants and/or their predecessors, as applicable, to work as a cook for Defendants' restaurant business located at 316 COLUMBUS AVENUE, NEW YORK, NEW YORK 10023.

15. MANUEL CARCHI worked for Defendants until on or about February 2018.

16. During the employment of Plaintiff, MANUEL CARCHI, by Defendants, he worked over forty (40) hours per week. During MANUEL CARCHI's employment by Defendants, he worked over ten (10) hours a day once a week.

17. Specifically, MANUEL CARCHI worked five days a week for 8.5 hours per day, and one day a week for 12 hours. MANUEL CARCHI received his compensation on a fixed salary basis, at a rate of $1,025 per week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated MANUEL CARCHI's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because MANUEL CARCHI is a non-exempt employee who must be paid on an hourly basis.

18. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

19. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

20. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

21. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

22. Plaintiff retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff realleges and reavers Paragraphs 1 through 22 of this Complaint as if fully set forth herein

24. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

25. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

Upon information and belief, at all relevant times, Defendant PAPPARDELLA REST. CORP., had gross revenues in excess of $500,000.

27. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

28. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

29. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

30. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

32. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

35. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

36. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

37. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

38. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

39. Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

40. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime, unpaid "spread of hours" premium, statutory

penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

- a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

- b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

- c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

- d. An award of unpaid "spread of hours" premium due under the New York Labor Law;

- e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

- f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, "spread of hours" premium pursuant to the New York Labor Law;

- g. An award of statutory penalties, and prejudgment and postjudgment interest;

- h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: July 23, 2018

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

                By: _____
                      C.K. Lee, Esq. (CL 4086)