**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
MANUEL CARCHI, :
: 
                Plaintiff, : No. 18-CV-6598 (OTW)
:
     -against- : **OPINION & ORDER**
:
PAPPARDELLA REST. CORP., et al., :
:
                Defendants. :
:
---------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Manuel Carchi ("Plaintiff") brings this putative collective action in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid overtime premium pay. (ECF 10). Following a successful mediation, the parties now submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 30). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 27). For the reasons below, the Court declines to approve the settlement at this time.

I. **Background**

Plaintiff worked as a cook at Defendants Pappardella Restaurant Corp. and Siddarth Gupta (collectively "Defendants") from January 2008 to February 2018. Complaint ("Compl.") (ECF 10) ¶¶ 14-15. During that period, Plaintiff worked eight-and-a-half hours per day for five days a week and worked ten hours for one day a week. Compl. ¶ 17. Instead of receiving overtime and spread of hours pay in accordance with the FLSA and NYLL, Plaintiff was merely paid a fixed salary. *Id*.

Plaintiff filed suit against Defendants on July 23, 2018. (ECF 1). After Defendants filed their Answer on October 12, 2018, Judge Torres referred the parties to mediation with the Southern District of New York's mediation program. (ECF 24). On February 1, 2019, the mediator reported that the parties had reached a settlement. (ECF 25). Although the complaint indicated that Plaintiff intended to convert the matter to a collective action, the parties reached their settlement before the filing of any conditional certification motion. The parties filed a joint letter request for settlement approval on April 3, 2019. (ECF 30).

## II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. The Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

a. **Recovery Amount**

Pursuant to the settlement agreement, Defendants will pay $45,000, with $30,000 paid to Plaintiff and $15,000 paid to Plaintiff's counsel. (ECF 30-1). Plaintiff calculated a potential recovery, assuming the case went to trial, of $102,816.40 in total damages, including liquidated damages and statutory penalties. (ECF 30-2 at 5). The $30,000 allocated to Plaintiff thus represents 29.18% of Plaintiff's best-case recovery.[1] Although on the lower end, this percentage is within the range approved by courts in this district as fair and reasonable. *See, e.g., Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (approving 31% of maximum recovery); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (approving 25% of maximum recovery as "substantial").

The parties' settlement amount here "is substantial, particularly in light of the legal and evidentiary challenges that would face the plaintiffs." *Lopez v. Poko-St. Ann L.P.*, 176 F.Supp.3d 340, 342 (S.D.N.Y. 2016). In addition to avoiding the burden and expense of going to trial, settlement enables Plaintiff to avoid the risk of the factfinder crediting Defendants' records, which may rebut Plaintiff's claims. Defendants argue that they produced records at their mediation which show that Plaintiff did not work the number of overtime hours claimed, an argument unrebutted by Plaintiff. (ECF 30 at 2). Although Defendants have not attached such

---

[1] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g., Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

3

evidence, assuming such records exist, Plaintiff would have potentially faced a substantial decrease in his potential maximum recovery. At the very least, Plaintiff would have had to engage in additional discovery, with its attendant costs, to rebut any such records.

### b. Arm's-Length Negotiation

The parties represent that the settlement was a product of arm's-length negotiations, as evidenced by the presence of a third-party mediator at the settlement talks. *See Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043 (AT), 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016).

### c. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff was terminated from his employment with Defendants before the start of this litigation, diminishing potential concern that Plaintiff may have been coerced into the settlement by his employer. *See* Compl. ¶ 15.

### d. Additional Factors

The attorneys' fee award of one-third of the settlement sum, *i.e.*, $15,000, is reasonable and consistent with fees upheld by courts in this District. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). Plaintiff's counsel has provided time records showing that the one-third recovery is not unreasonable in relation to the hours expended on this case. (ECF 30-4). While the hourly rates charged by the attorneys are slightly

higher than approved in this district for similarly-situated attorneys, the $15,000 attorneys' fee award is also lower than the total fees and expenses of $17,453.85.

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding an "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The settlement agreement's release provision, however, is overly broad, covering "all Fair Labor Standards Act ('FLSA') and New York Labor Law ('NYLL') claims, which Claimant has or may have against Company as of the date of this Agreement." (ECF 30-1 at 2). Releases may not include claims "that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206; *see also Lazaro-Garcia v. Sengupta Food Services*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("[A]ny release provision must be limited to the claims at issue in this action."). Here, Plaintiff's potential release of all FLSA and NYLL claims would encompass employment claims that have no relation to the wage-and-hour issues implicated in his complaint in this matter. *See Rojas*, 2018 WL 4931540, at *3 (rejecting a release that included all FLSA claims); *Pucciarelli v. Lakeview Cars, Inc.*, No. 16-CV-4751 (RRM) (RER), 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017) (pointing out that the FLSA encompasses

5

discrimination claims in addition to wage-and-hour issues). Therefore, the parties' proposed release provision must be revised before the settlement agreement can be approved as fair.

III. **Conclusion**

Because the proposed settlement agreement contains an overly broad general release provision, the parties' joint letter motion is denied without prejudice. The parties may renew their request for *Cheeks* approval and file a revised settlement agreement consistent with this opinion by July 3, 2019. Otherwise, the parties may proceed with litigation.

**SO ORDERED.**

Dated: June 13, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge